## ACME MARKETS, INC.
### v.
## INTERNATIONAL UNION OF BAKERY & CONFECTIONERY WORKERS, LOCAL 6.

Civ. A. No. 78–1103.

United States District Court,
E. D. Pennsylvania.

May 15, 1979.

Alfred J. D'Angelo, Jr., Bala Cynwyd, Pa., for plaintiff.

Bernard N. Katz, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, Acme Markets, Inc. (Acme), has appealed from an arbitrator's award in favor of defendant International Union of Bakery & Confectionery Workers, Local 6 (Union), holding that Acme had violated the provision in the collective bargaining agreement that barred lockouts. This matter arose by reason of a strike by the Meat Cutters Retail Joint Council of Philadelphia and Vicinity (the Meat Cutters), which strike was the subject of opinion by this Court in *Philadelphia Food Stores v. Retail Clerks International*, 453 F.Supp. 577 (E.D. Pa.1978). In that case Arbitrator Lewis Gill had found that an illegal lockout had occurred when Acme, Food Fair Stores, Inc. (Food Fair) and the Great Atlantic and Pacific Tea Company (A&P), the three members of the Philadelphia Food Store Employers' Labor Council (the Council), closed their stores in response to a strike by the Meat Cutters which was accompanied by picketing of Food Fair only. This Court reversed Arbitrator Gill, holding that for an illegal lockout to occur, there must be offensive conduct by the employer, not just strategic conduct.

In the instant case, the closure complained of was in response to the closing of the Acme stores mentioned above. Because the stores had been closed, it was not economically feasible for the bakery maintained by Acme to remain open; it was therefore closed. Arbitrator Robert Koretz subsequently issued an award in favor of the Union, holding that said closure constituted an illegal lockout in violation of the collective bargaining agreement.

■■ However, as this Court held earlier, an illegal lockout cannot exist absent offensive conduct by the employer. In the *Philadelphia Food Stores* case, we held that closing of stores to prevent whipsawing of a multi-employer bargaining unit and to preserve the integrity of the unit was not

offensive conduct, even if it was strategic conduct. In the instant case, the closure was not strategic, but was based solely on economic conditions. Accordingly, we conclude that Acme did not violate its agreement with the Union and plaintiff's motion for summary judgment will be granted.